## GENERAL RELEASE AND SETTLEMENT AGREEMENT

This General Release and Settlement Agreement ("Agreement") is made by Plaintiff, JULIO BOHORQUEZ, and Plaintiff, DAVID A. GIPSON, (Collectively "Plaintiffs") to Defendant, MEDICAL EQUIPMENT TECHNOLOGIES, INC. d/b/a REMETRONIX, a Florida Corporation, as well as any other related company,

WHEREAS, Plaintiffs filed that certain collective civil action against Defendant in the United States District Court, Southern District of Florida, Case No. 2:11-cv-14318-KMM ("Federal Civil Action"); and

WHEREAS, Defendant deny any wrongdoing and deny Plaintiffs' claims; and

WHEREAS, "Defendant" shall include its incorporators, Board of Directors, officers, owners, shareholders, servants, agents, insurers and its insurers' current and former agents, attorneys, employees, representatives, successors, assigns, partners, affiliates, all current, past and future subsidiaries, parents, related and affiliated corporations, sister corporations, divisions, branches, members, and any person, partnership, corporation, association, organization or entity acting directly or indirectly in its interest, or as an employer in relation to Plaintiff, including any person or entity acting with or on behalf of Defendant, personally, officially, or in any capacity whatsoever, past and present; and

WHEREAS, "Plaintiffs" shall include their heirs, successors, administrators, agents, assigns and attorneys, any other parties of interest and/or representatives; and

WHEREAS, this General Release and Settlement Agreement is between Plaintiffs and Defendant, and is hereinafter referred to as the "Release," or the "Agreement."

NOW, THEREFORE, in consideration of the covenants contained herein, the payment from and on behalf of Defendant to Plaintiffs, and their heirs, successors, administrators, agents, assigns or attorneys, any other parties of interest and/or

Plaintiffs' Initials _JB_   Defendant's Initials ____

1

representatives, and other valuable consideration, the receipt of which is hereby acknowledged, the parties hereto agree as follows:

1. The foregoing recitals are true and correct.

2. **Plaintiffs' Release.** Except for the obligations contained herein, Plaintiffs do hereby irrevocably and unconditionally release, acquit, remise, and forever discharge Defendant and all included entities listed above from any and all rights, obligations, liens, claims, damages, demands, relief, liabilities, equities, actions and causes of action of whatever kind and character, in law or in equity, in contract or tort or public policy, both known and unknown, suspected or unsuspected, disclosed and undisclosed, actual and consequential, specific and general, however denominated (including but not limited to those arising out of or in any way connected with the Plaintiffs' Federal Civil Action), for wages, overtime pay, front or back pay, minimum wage, income from any source, declaratory or injunctive relief, lost benefits, commission, liquidated damages, compensatory or punitive damages, money, remuneration, attorneys' fees, costs, expert's fees and costs, expenses, or thing of value whatsoever, by Plaintiffs against Defendant, including but not limited to claims arising under or relating to:

    A. The Fair Labor Standards Act, 29 U.S.C. §§ 201, 206 and 207, *et seq.*

    B. Article X § 24, Florida Constitution, Florida Minimum Wage Amendment;

    C. Florida Statute § 440.205;

    D. The Florida Human Rights Act and the Florida Civil Rights Act of 1992 codified in Chapter 760 of the Florida Statutes;

    E. The Labor Management Relations Act of 1947;

    F. The Equal Pay Act of 1963;

Plaintiffs' Initials    Defendant's Initials \_\_\_\_\_

2

G. The Rehabilitation Act of 1973;

H. The Health Maintenance Organization Act of 1973;

I. The Immigration Reform and Control Act of 1986;

J. The Family and Medical Leave Act of 1993 ("FMLA");

K. Executive Orders 11141, 11246, and 11375;

L. 42 U.S.C. § 1981, § 1982, § 1983, § 1985, or § 2000;

M. The Americans with Disabilities Act ("ADA"), as amended;

N. The Consolidated Omnibus Reconciliation Act ("COBRA");

O. The Employee Retirement Income Security Act of 1974 ("ERISA");

P. Any claims for damages, injuries, illnesses, workers compensation, or complications now known or that may later be discovered, including all effects and consequences thereof, however, nothing in this release and settlement agreement shall affect Bohorquez's pending workers compensation injury claim no. 0006-09-00059-00,* and shall not prevent the Plaintiffs from continuously receiving workers compensation benefits already being paid and owed to Plaintiffs;

Q. The Internal Revenue Service Code;

R. Chapter 448, Florida Statutes;

S. Chapter 440, Florida Statutes;

*[handwritten]: Injury Date 4/17/2010 GCB. Claim no. may have changed, but this release shall not affect any claims or benefits from the injury that occured on or about 4/17/2010.*

T. The Age Discrimination in Employment Act ("ADEA") and the Older Workers Benefit Protection Act of 1990 ("OWBPA");

U. Any state, federal, or local whistleblower acts;

V. Any claim for defamation, libel, or slander;

W. Any federal, state or local laws prohibiting employment discrimination;

Plaintiffs' Initials _[handwritten initials]_    Defendant's Initials _____

3

X. The employment, terms of employment, conditions of employment and separation from employment of Plaintiffs by Defendant;

Y. Any claims arising from alleged harassment, negligence or intentionally tortious conduct by Defendant occurring before, during or after the employment of Plaintiffs by Defendant through the day of this release;

Z. And all other claims under federal, state or local statute or ordinance or common law, including but not limited to those relating to discrimination or retaliation in employment.

The listing of specific types of claims as set forth above is not intended to limit in any way the general and comprehensive scope of this Release from Plaintiffs to Defendant. Plaintiffs further agree that it is the express intent of Plaintiffs to enter into this full and final settlement and compromise of any and all claims against Defendant, whatsoever, including but not limited to those arising out of or in any way connected with the employment or engagement of Plaintiffs, at any time, from the beginning of the world to the date of execution by Plaintiff of this Agreement. Plaintiffs further agree that they will not file any claim or join in any claim as an individual or as a member of a class in any federal, state or local court or agency in regards to claims of themselves or others relating to Defendant, but nothing herein shall be construed as any form of a bribe or other hindrance to give truthful testimony pursuant to a subpoena, lawful discovery request, or court order. Plaintiffs recognize that no suit can be filed against Defendant for any claim released as part of this Agreement. This General Release is also to apply to any and all claims for costs and attorneys' fees arising out of the lawsuit which is the subject of this General Release, as well as any other claims of negligence, statutory or otherwise.

Plaintiffs' Initials _____     Defendant's Initials _____

4

Except for enforcement of this Agreement, if Plaintiffs should later initiate or participate in any legal action or proceeding against Defendant, for any claim arising or accruing before and through the effective date of this agreement, which he should not, this Agreement will be conclusive evidence that any such claims have been released.

3. **Defendant Release.** Except for the obligations contained herein, Defendant does hereby irrevocably and unconditionally release, acquit, remise, and forever discharge Plaintiffs from any and all rights, obligations, liens, claims, damages, demands, relief, liabilities, equities, actions and causes of action of whatever kind and character, in law or in equity, in contract or tort or public policy, arising out of or in any way connected with the employment of Plaintiffs with Defendant in any position at any time through the conclusion of their employment.

4. **Dismissal of Civil Action.** Upon execution of this Agreement by all parties, the parties shall electronically file a joint stipulation for dismissal with prejudice, which shall specify that the Court shall retain jurisdiction to enforce the terms of settlement and that each party shall bear its own attorney's fees and costs incurred in the Federal Civil Action, except as otherwise agreed by the parties. The parties further agree to take any additional action as required by the Court to obtain full dismissal with prejudice of the Federal Civil Action.

5. **Settlement Payment.** As settlement for all of Plaintiffs' claims against Defendant, total payment in the amount of Sixteen Thousand Five Hundred Dollars and No Cents ($16,500.00) (the "Settlement Payments") shall be made and delivered to Robert S. Norell, P.A., 7350 N.W. 5th Street, Plantation, Florida 33317, by or on behalf of Defendant on or before November 25, 2011, and will be held in trust by Norell and not disbursed until

Plaintiffs' Initials _____     Defendant's Initials _____

such time that this Court approves the settlement and dismisses this action. Said payments shall be made as follows:

    A.    The amount of $6,250.00 will be paid to release, discharge, and dismiss any and all claims relevant to Plaintiffs' wages. Each Plaintiff shall receive a check payable to them in the amount of $3,125.00, less applicable employment tax withholdings, for which the Defendant shall issue the appropriate W-2 form for each Plaintiff for 2011;

    B.    The amount of $6,250.00 will be paid to release, discharge, and dismiss any and all claims relevant to liquidated damages. Each Plaintiff shall receive a check payment to them in the amount of $3,125.00, with no withholdings, for which the Defendant shall issue the appropriate 1099 form for each Plaintiff for 2011;

    C.    The amount of $4,000.00 will be made payable to Robert S. Norell, P.A. (Tax I.D. # 65-0643110) to release, discharge, and dismiss any and all claims for attorney's fees.

The portion attributable for wages will be subject to applicable withholding at the usual and customary rate. The payment to Plaintiffs' counsel is in lieu of and for statutory attorneys' fees and costs under the FLSA. The Plaintiffs understand and agree that such payment to their attorney is in full and final satisfaction of any claim for attorney's fees arising out of this action. Defendant makes no representation as to the tax consequences or liability arising from the payment described herein. Moreover, the parties understand and agree that any tax consequences and/or liability arising from the payment to Plaintiffs shall be the sole responsibility of Plaintiffs. To this extent, Plaintiffs acknowledge and agree that they will pay any and all income tax which may be determined to be due in connection with the payment described in this paragraph.

Plaintiffs' Initials _____        Defendant's Initials _____

6. **Resignation and Waiver of Reinstatement/Re-Employment.** Plaintiffs agree and recognize that their relationship and employment with Defendant has been permanently and irrevocably dissolved. Plaintiffs expressly waive reinstatement, re-employment and/or claim of right to employment with Defendant, whatsoever, and agree that they will not now and will not in the future seek re-employment or independent contractor status with Defendant. Plaintiffs further agree that this Agreement is good and sufficient cause for Defendant to reject any such application for reinstatement or re-employment. In the event Plaintiffs inadvertently become employed by the Defendant or any entity affiliated with Defendant, Plaintiffs agree that, upon learning of such inadvertence, they will immediately resign their respective employment, consistent with the terms of this Agreement. Accordingly, Plaintiffs acknowledge and agree that they are waiving any and all rights, and release any and all claims they may have to challenge any such action as constituting unlawful retaliation or other violation of law.

7. **Not an Admission of Liability.** It is understood, agreed and stipulated between the parties that the consideration described herein is in complete and full accord, satisfaction and discharge of disputed claims, and that Defendant does not in any manner by virtue of this Agreement, or payment of the consideration therefore, admit liability to anyone as a result of any incident, act or omission described in or cognizable by the aforementioned claims, charges or causes of action, and it is recognized that Defendant has denied and continues to deny all such allegations.

8. **Complete Agreement.** This Agreement contains the entire agreement, understanding and stipulation between the parties hereto. The Parties to this Agreement acknowledge that they have had full possession of any and all facts with regard to their claims or rights, and that they have had ample opportunity to consult with an attorney, any governmental agency of their choosing and/or such other advisors as they have deemed

Plaintiffs' Initials _____   Defendant's Initials _____

7

appropriate to be fully advised of the rights and obligations incurred or waived hereby. The terms of this Agreement are contractual, not mere recitals, and may be enforced in Court.

9. Each of the parties warrants to each other that each has full power, authority and capacity to execute this Agreement. The parties represent to each other that the effect of this Agreement has been fully explained to each of them and the Agreement is understood and agreed to by them. Plaintiffs warrant and represent that they are the owner of the claims and have not transferred or assigned them, except as represented in this Agreement.

10. This Agreement is deemed to have been drafted jointly by the parties. Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. The terms of this Agreement are executed without reliance upon any representations except those contained herein, and the parties have carefully read this General Release and Settlement Agreement and sign the same of their own free will.

11. Should any provision of this Agreement be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

12. This Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida. All parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the parties herein.

13. Should any party to this Agreement be required to enforce the terms of this agreement against a breaching party, upon a proven breach, the prevailing party shall be entitled to its reasonable attorneys' fees and costs.

14. The Plaintiffs acknowledge and agree that confidentiality of this settlement is

Plaintiffs' Initials _____                    Defendant's Initials _____

a material inducement for Defendant to enter this Agreement. Other than as required by law, Plaintiffs agree: (1) to keep the terms, conditions, and amount of money received pursuant to the Agreement strictly confidential; and (2) that they have not and will not disclose information concerning the fact that they have settled this matter or the existence or terms of this Agreement to any person or entity except for the Plaintiffs' immediate family members, mental health professionals, financial advisors, and/or legal counsel. Likewise, the Officer of Defendant, Russell Knowles, agrees not to disclose information concerning the fact that he has settled this matter or the existence or terms of this Agreement to any person or entity except for the Defendant's business manager, accountant, future legal counsel, or any other business related entity or person who would require the terms and conditions of the settlement agreement for the normal and reasonable execution of their services to Defendant. Upon request, Defendant shall only provide a neutral reference confirming dates of employment and position held of the Plaintiffs. If either party is asked about the matter, they shall respond only that it was "amicably resolved."

15. Neither the Plaintiffs nor the Defendant shall disclose, communicate, make public or publicize in any manner any problems, issues or concerns that either Party perceives or may have had with the other Party, its officers, employees (past or present) or businesses or give any information or make any statements which might tend to impugn, disparage, defame, discredit or detract from either Party, its officers, employees (past or present) or businesses. Each Party acknowledges and agrees that this prohibition extends to statements, written or verbal, made to anyone, including but not limited to, the news media, any board of directors or advisory board or directors, competitors, strategic partners, vendors, and employees (past and present). Each Party understands and agrees that this Paragraph is a material provision of this Agreement and that any breach of this Paragraph shall be a material breach of this Agreement, and the injured Party would be irreparably harmed by violation of

Plaintiffs' Initials _[initialed]_   Defendant's Initials _____

this provision.

16. In addition to the above, the Defendant agrees to release the Plaintiffs from any and all restrictions, promises, and covenants prohibiting employment in similarly situated businesses subsequent to their employment with the Defendant. This release shall apply to any and all non-competition agreements that the Plaintiffs may have executed at any time prior or during their employment with the Defendant.

17. The Plaintiffs hereby acknowledge that prior to executing this Agreement, they were advised in writing to consult with an attorney before signing this Agreement. The Plaintiffs also acknowledge that they were given twenty-one (21) days to consider the Agreement, and were informed that they could revoke the Agreement within seven (7) days after signing it, and that it did not become effective until the time to revoke the Agreement had ended. The Plaintiffs acknowledge that they entered into and signed this Agreement knowingly, voluntarily, freely, of their own volition and with such consultation with counsel as they deemed appropriate.

18. Plaintiffs acknowledge that they were advised on the day they received this agreement that they had a period of twenty-one (21) calendar days to review and consider this agreement before signing. They acknowledge that they may voluntarily waive the twenty-one (21) day consideration and may do so by signing this agreement at any time before the twenty-one (21) day period elapses.

19. This agreement may be signed in counterparts, fax copies to be considered original.

**IN WITNESS WHEREOF,** we have hereunto set our hands and seals this 17th day of _November_, 2011.

IN THE PRESENCE OF:

Plaintiffs' Initials _[signature]_                    Defendant's Initials _____

10

_____                                    *Julio Bohorquez* (signature)
WITNESS                                                              JULIO BOHORQUEZ

_____
WITNESS

STATE OF California )
                    ) SS:
COUNTY OF Orange    )

Sworn to and subscribed before me this 17 day of November, 2011, by _____, on behalf of **JULIO BOHORQUEZ** who ✓ is personally known to me or who has ____ produced _____ as identification.

[Notary Seal: REBECCA JACKSON-GODBY, COMM. # 1894379, NOTARY PUBLIC - CALIFORNIA, ORANGE COUNTY, COMM. EXPIRES JULY 2, 2014]

NOTARY PUBLIC (signature)
TYPED NAME: Rebecca Jackson Godby
COMMISSION EXPIRES: 7/2/14
COMMISSION NO.: 1894379

Plaintiffs' Initials _JCB_                Defendant's Initials _____

11

**IN WITNESS WHEREOF**, we have hereunto set our hands and seals this 18TH day of November, 2011.

IN THE PRESENCE OF:

_____      _____
WITNESS                        DAVID A. GIPSON

_____
WITNESS

STATE OF New Mexico    )
                       ) SS:
COUNTY OF Chaves       )

Sworn to and subscribed before me this 18th day of November, 2011, by _____, on behalf of **DAVD A. GIPSON** who ____ is personally known to me or who has __X__ produced Driver License as identification.

_____
NOTARY PUBLIC
TYPED NAME: Kathie S. Herring
COMMISSION EXPIRES: 8-8-2014
COMMISSION NO.: NA

OFFICIAL SEAL
KATHIE S. HERRING
NOTARY PUBLIC - STATE OF NEW MEXICO
My commission expires 8-8-2014

Plaintiffs' Initials __DG__      Defendant's Initials ____

12

IN WITNESS WHEREOF, we have hereunto set our hands and seals this _____ day of _____, 2011.

|  |  |
|---|---|
| _____<br>WITNESS<br><br>_____<br>WITNESS | MEDICAL EQUIPMENT TECHNOLOGIES, INC. d/b/a REMETRONIX, a Florida Corporation<br><br>By: _____<br>Print Name: Russell T. Knowles<br>Print Title: CEO |

STATE OF _____ )
                         ) SS:
COUNTY OF _____ )

Sworn to and subscribed before me this 17 day of November, 2011, by Russell Knowles, on behalf of **MEDICAL EQUIPMENT TECHNOLOGIES, INC., d/b/a REMETRONIX, a Florida Corporation** who X is personally known to me or who has ____ produced _____ as identification.

_____
NOTARY PUBLIC
TYPED NAME: Sarah Gilbride
COMMISSION EXPIRES: 3/31/13

SARAH GILBRIDE
MY COMMISSION # DD876163
EXPIRES March 31, 2013
(407) 398-0153   FloridaNotaryService.com

Plaintiffs' Initials _____ _____                    Defendant's Initials _____

13